UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DAKEENA DYESS,**

    **Plaintiff,**

v.                                       Case No.:  3:25-cv-1339/MCR/ZCB

**ARMSTRONG WORLD INDUSTRIES, INC.,**

    **Defendant.**

_____/

## **ORDER**

The Magistrate Judge issued a Report and Recommendation on December 22, 2025.  ECF No. 20.  The Court furnished the parties a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff objected and has moved for leave to amend her Complaint, EFC Nos. 21, 23, and Defendant responded, ECF Nos. 22, 25.  I have made a *de novo* determination of all timely filed objections and considered the subsequently filed motion for leave to amend.

Having considered the Report and Recommendation and any timely filed objections thereto, I have determined the Report and Recommendation should be adopted.  Having considered Plaintiff's objections and arguments in support of her

1

request for leave to amend, the objections are overruled and leave to amend is denied as futile.

As a rule, a district court must give a *pro se* plaintiff at least one opportunity to amend her complaint before dismissing the action with prejudice, "even if the plaintiff does not request leave to amend until after final judgment, unless the plaintiff clearly indicates that they do not want to amend their complaint, or a more carefully drafted complaint could not state a claim." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018); *see also Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). In this case, amendment would be futile. Plaintiff's discrimination claims based on race, sex, and retaliation, which she now asserts for the first time under Title VII, are still barred by her failure to exhaust, as set out in the R&R. She has not alleged any new facts to establish that these claims were properly exhausted. Her whistleblower retaliation claim still fails to plausibly allege that she engaged in whistleblowing activity and no nonconclusory facts are asserted to suggest she could conceivably state a claim. She attempts for the first time to raise her disability claim under federal law, but the claim is untimely. It is undisputed that the EEOC right to sue letter was dated April 9, 2025, yet she

failed to bring suit within 90 days, which was July 8, 2025, and did not attempt to assert a federal cause of action based on disability until she recently requested leave to amend on January 23, 2026.[1]  Thus, her federal disability claim also would be barred.  Because leave to amend would be futile, the motion to amend is denied.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation, ECF No. 20, is adopted and incorporated by reference in this order, and Plaintiff's objections are overruled.

2. The Defendant's Motion to Dismiss, ECF No. 7, is **GRANTED** as follows: (A) Plaintiff's Florida Public Whistleblower Act claim (Count II) is **DISMISSED with prejudice** for failure to state a claim; and (B) Plaintiff's claims of race, sex, and disability discrimination (Counts I, III, and IV) and claims of retaliation (Count V) are **DISMISSED without prejudice** for failure to exhaust administrative remedies.

3. Plaintiff's Motion to Amend Complaint, ECF No. 23, is **DENIED** and the Court **STRIKES** Plaintiff's Amended Complaint, ECF No. 24, from the record.

---

[1] As Defendant points out, Plaintiff states for the first time in her objection that she received the right to sue letter "during the week ending April 25, 2025," ECF No. 21 at 10, but does not state an actual date of receipt.  Moreover, she conceded earlier in her objection that the EEOC issued her a right to sue letter on April 9, 2025, and that she received an email from the EEOC on April 9, 2025, stating that the review of her case was completed on April 3, 2025, *id.* at 4.  In any event, Plaintiff filed suit on July 18, 2025, asserting only state law claims.

    4.    The Clerk of Court is directed to enter judgment in accordance with this order and close the case.

**DONE AND ORDERED** this 20th day of February 2026.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**